United States District Court
Southern District of Texas
**ENTERED**
October 22, 2015
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| CESAR DE LA CRUZ, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:15-1566 |
| | § | |
| HOME DEPOT U.S.A., INC., | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This personal injury case is before the Court on Plaintiff Cesar de la Cruz's ("Plaintiff") Motion for Leave of Court to File Plaintiff's First Amended Complaint ("Motion") [Doc. # 10].   Defendant Home Depot U.S.A., Inc. ("Defendant" or "Home Depot") filed a Response [Doc. # 15].[1]   The Motion is now ripe for determination.   Having carefully considered the parties' briefing, all matters of record, and the applicable legal authorities, the Court **denies** Plaintiff's Motion.

## I.    BACKGROUND

Plaintiff originally filed this case in the 113th Judicial District Court of Harris County, Texas on May 13, 2015.   Plaintiff, in his Original Petition ("Original Petition") [Doc. # 1-3], alleges that he was injured when a stack of

---

[1]    Plaintiff did not reply.

doors fell on him from behind while he was shopping at a Home Depot store in Houston, Texas on April 19, 2014.  *Id.*, at 3-4, ¶ 10.  Plaintiff attributes his injuries to the conduct of an unnamed Home Depot employee.  *Id.*

Defendant removed the case to this Court.   In the parties' Joint Discovery/Case Management Plan [Doc. # 7], Plaintiff stated that he was seeking the identity of the Home Depot employee so that he could join the employee as an additional named defendant.   Plaintiff now alleges that Rommell Williams ("Williams"), a Texas citizen, is that employee and moves to file his First Amended Complaint (the "Amended Complaint") [Doc. # 13], which includes Williams as an individual defendant.   The Amended Complaint also contains additional factual allegations.

Without leave of Court, Plaintiff had a summons issued for Williams [Doc. # 14] and served Williams with the proposed Amended Complaint.   Defendant Home Depot U.S.A., Inc.'s Advisory to the Court [Doc. # 16], at 1.   Defendant notified the Court that it would be treating the service on Williams as a nullity because Plaintiff had not received leave to file the First Amended Complaint.  *Id.*, at 2.  In response, Plaintiff requested expedited consideration of the Motion.   Letter Dated Oct. 9, 2015 [Doc. # 18].   Plaintiff also recently filed a Motion to Remand [Doc. # 19] based on the non-diverse citizenship of Williams.

II.    <u>**APPLICABLE LEGAL STANDARDS**</u>

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.  Plaintiff is a Texas citizen and Defendant is a corporation incorporated under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia.  Notice of Removal [Doc. # 1], at 2, ¶¶ 3–4.  Plaintiff seeks damages in excess of $1,000,000.  Original Petition [Doc. # 1-3], at ¶ 6.  The requirements of complete diversity of citizenship of the parties and an amount in controversy greater than $75,000 are satisfied.  Joinder of Williams as a defendant would, however, destroy diversity of citizenship.

Rule 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires."  FED. R. CIV. P. 15(a); *United States ex rel. Marcy v. Rowan Cos.*, 520 F.3d 384, 392 (5th Cir. 2008).  The Fifth Circuit has concluded that Rule 15(a) "evinces a bias in favor of granting leave to amend."  *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) (citation omitted).  However, leave to amend is by no means automatic, and the decision to grant or deny leave to amend "is entrusted to the sound discretion of the district court."  *Pervasive Software Inc. v. Lexware GmbH & Co.*, 688 F.3d 214, 232 (5th Cir. 2012).  In deciding whether to grant leave to file an amended pleading, the district court "should consider factors such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party, and futility of amendment.'"  *In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 466 (5th Cir. 2012) (quoting *In re Southmark*, 88 F.3d 311, 315 (5th Cir. 1996)).  If the district court lacks a "substantial reason" to deny leave, its discretion is not broad enough to permit denial.  *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004).

An amendment that would add a non-diverse defendant whose citizenship would affect the Court's subject matter jurisdiction is scrutinized more closely than an ordinary amendment under Rule 15(a).  *Short v. Ford Motor Co.*, 21 F.3d 1107, 1994 WL 171416, at *5 (5th Cir. Apr. 19, 1994) (per curiam); *W & L Ventures, Inc. v. E. W. Bank*, No. Civ. A. H-13-00754, 2014 WL 1248151, at *2 (S.D. Tex. Mar. 26, 2014) (Rosenthal, J.).  "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e); *see W & L Ventures*, 2014 WL 1248151, at *2. Where, as here, a plaintiff moves to add a defendant whose presence in the case would destroy subject matter jurisdiction, the Court must balance the original defendant's interests in maintaining the case in federal court with the competing interest of not having parallel lawsuits.

The balancing analysis consists of assessment of four factors that were delineated by the Fifth Circuit in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987); *see also Moore v. Manns*, 732 F.3d 454, 456 (5th Cir. 2013) (per curiam); *Wilson v. Bruks-Klockner, Inc.*, 602 F.3d 363, 367 (5th Cir. 2010).  The factors are:

(1)    the extent to which the purpose of the amendment is to defeat federal jurisdiction;

(2)    whether plaintiff has been dilatory in asking for amendment;

(3)    whether plaintiff will be significantly injured if amendment is not allowed; and

(4)    any other factors bearing on the equities.

*Hensgens*, 833 F.2d at 1182.  The Court then balances the equities to decide whether the proposed amendment would be permitted.  *Id.*  If the amendment of the nondiverse defendant is allowed, then the case must be remanded to state court. *Id.*  If the amendment is not allowed, then the federal court maintains jurisdiction. *Id.*

## III.   <u>ANALYSIS</u>

Plaintiff seeks to join Williams under the theory that Williams owed him an independent duty under Texas tort law.  There is little question that an individual employee owes a duty of reasonable care even in the course and scope of his work.

*See Leyendecker & Assocs. v. Wechter*, 683 S.W.2d 369, 375 (Tex. 1984) ("A corporation's employee is personally liable for tortious acts which he directs or participates in during his employment."). Analysis of the *Hensgens* factors, however, shows that Plaintiff cannot add Williams as a defendant at this stage of the proceedings.[2]

### A.    Purpose of the Amendment

"When courts analyze the first *Hensgens* factor, they consider whether the plaintiffs knew or should have known the identity of the nondiverse defendant when the state court complaint was filed." *W & L Ventures*, 2014 WL 1248151, at *3 (quoting *Priester v. Long Beach Mortg. Co.*, No. 4:10-cv-641, 2011 WL 6116481 (E.D. Tex. Dec. 8, 2011)).  It appears Plaintiff did not obtain Williams' identity until after Defendant removed the case to federal court.  Motion [Doc. # 10], at 2.  Plaintiff, however, alleged at the outset of this action that an individual employee helping another customer caused the accident in issue.  *See* Original

---

[2]     In all of the cases Plaintiff cites, Motion [Doc. # 10], at 6–7 & n.1, the individual employee had been named in the complaint *prior* to removal to federal court.  In that posture, a federal court examines whether the individual defendant was fraudulently joined.  A non-diverse defendant may be found to have been fraudulently joined if there is "actual fraud in the pleading of jurisdictional facts" or if the removing defendant demonstrates that the plaintiff cannot establish a cause of action against the non-diverse defendant.  *See Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013).  The legal standard for fraudulent joinder is thus distinct from the standard for joinder of a non-diverse party *after* removal to federal court.  The cases on which Plaintiff relies are therefore inapposite to analysis of the *Hensgens* factors.

Petition [Doc. # 1-3], at 4.  In the Original Petition, Plaintiff pleaded a premises liability claim based on allegations that Defendant managed and had control over the premises, pleaded an active negligence claim based on various negligent omissions by Defendant and its employees in the operation of the business, and pleaded liability under the doctrine of *respondeat superior*.  Plaintiff did not seek to join the individual employee as a defendant by name or as a "John Doe."  *See Razo v. Home Depot U.S.A., Inc.*, No. 4:14-cv-428-A, 2014 WL 3869382, at *3 (N.D. Tex, Aug. 6, 2014) (finding first factor weighed against joinder where "plaintiff was aware of the existence and involvement of a[n] [individual] employee at the time he filed his state court petition, and yet chose not to add him as a party with potential liability, even as an unknown defendant, or to assert any claims involving the employee, such as a claim for negligent hiring or training, until after [Defendant] removed the action to federal court").  The first *Hensgens* factor weighs against allowing Plaintiff to file the Amended Complaint joining Williams as a defendant.

### B.    <u>Dilatoriness of Request to Amend</u>

The second *Hensgens* factor also weighs against permitting joinder of Williams.  Plaintiff filed the Motion three-and-a-half months after he filed the Original Petition and two-and-a-half months after Defendant removed the case.  That period has been found to be dilatory.  *See, e.g.*, *Irigoyen v. State Farm Lloyds*,

No. CA-C-03-324-H, 2004 WL 398553, at *4 (S.D. Tex. Jan. 5, 2004) (Hudspeth, J.) (finding dilatoriness where "[p]laintiffs waited two and a half months after Defendant State Farm filed its notice of removal"); *Phillips v. Delta Air Lines, Inc.*, 192 F. Supp. 2d 727, 729 (E.D. Tex. 2001) (finding dilatoriness where "plaintiffs waited over two months from the time the Original Petition was filed, and almost thirty days after removal").

### C.   <u>Injury to Plaintiff</u>

Plaintiff will not be significantly injured if Williams is not joined as an additional defendant.  Plaintiff does not allege in his Amended Complaint or the Motion that he seeks independent recovery from Williams.  Most significantly, Defendant explains that it "does not dispute that Williams was working in the course and scope of his employment at the time of the incident" and concedes that "Home Depot would be liable for any tortious act committed by Williams." Response [Doc. # 15], at 6.  There is no indication that Defendant Home Depot will be unable to satisfy a judgment.  *Id.*, at 7.  Defendant also states that "it has not designated Williams as a responsible third party and will not do so," so there is no risk that the jury would apportion liability to a non-party.  *Id.*[3]  The third factor therefore weighs strongly against granting the Motion.  *See Razo*, 2014 WL

---

[3]     The Court relies on all these representations by Defendant Home Depot in deciding the Motion.

3869382, at *3 ("[Defendant] admits that it would be liable for any tortious act committed by [the individual employee] giving rise to plaintiff's injuries, and there is no indication that [Defendant] would be unable to satisfy any future judgment. Therefore, the third factor favors denial of plaintiff's motion.").

### D.   Other Factors

Plaintiff has not pointed to any other equitable factors that weigh in favor of granting the Motion.  The first three *Hensgens* factors all weigh against permitting joinder of Williams.   The Motion is denied and Plaintiff's pending Motion to Remand [Doc. # 19] is therefore moot.

Defendant is correct that the service on Williams is a nullity.

If Plaintiff wishes to amend the factual allegations of the Original Petition, he may file a new motion for leave to amend the complaint but may not seek to join Williams as a party.

## IV.   CONCLUSION AND ORDER

Based on the foregoing, the Court concludes that Plaintiff has not shown that the relevant factors permit joinder of a non-diverse party.  Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Leave of Court to File Plaintiff's First Amended Complaint [Doc. # 10] is **DENIED**.  It is further

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 19] is **DENIED** as moot.

P:\ORDERS\11-2015\1566MAmend.docx  151022.1647

SIGNED at Houston, Texas, this 22nd day of October, 2015

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE