United States District Court
Southern District of Texas
**ENTERED**
May 19, 2016
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| CESAR DE LA CRUZ, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:15-1566 |
| | § | |
| HOME DEPOT U.S.A., INC., | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This personal injury case is before the Court on Plaintiff Cesar de la Cruz's ("Plaintiff") Motions for Partial Summary Judgment on Negligence ("Negligence Motion") [Doc. # 40] and for Partial Summary Judgment on Defendant Home Depot U.S.A., Inc.'s Affirmative Defense of Contributory Negligence ("Contributory Negligence Motion") [Doc. # 43]. Defendant Home Depot U.S.A., Inc. ("Defendant" or "Home Depot") filed Responses to the Negligence Motion [Doc. # 46] and the Contributory Negligence Motion [Doc. # 45]. Plaintiff filed replies in support of both Motions [Docs. # 48, # 47]. The Motions are now ripe for determination. Having carefully considered the parties' briefing, all matters of record, and the applicable legal authorities, the Court **denies** Plaintiff's Motions.

## I.     BACKGROUND

This personal injury action arises out of an incident on April 19, 2014, at a Home Depot store in Houston, Texas. The following facts are undisputed on Plaintiff's Motions for Summary Judgment.

On the evening of April 19, 2014, Plaintiff was in an aisle at the Home Depot store. He was inspecting and taking photographs of doors that were arranged on one side of the aisle. *See* Exh. A to Negligence Motion, Deposition of Cesar de la Cruz, Mar. 3, 2016 [Doc. # 40-1]. On the opposite side of the aisle, Rommell Williams ("Williams"), then an employee of Home Depot, was unloading a pallet of steel doors. *See* Exh. B to Negligence Motion, Incident Witness Statement signed by Rommell Williams, Apr. 19, 2014 [Doc. # 40-2]. As he took the doors off the pallet, Williams leaned the steel doors against the wall on his side of the aisle. *See id.* Two doors then fell on Plaintiff from behind, striking him on the back of his neck. Williams heard the doors fall, but had his back turned to Plaintiff and the doors at that time. *See id.* Plaintiff was then taken from the store by emergency medical services.

## II.    LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides for the entry of summary judgment against a plaintiff who fails to make a sufficient showing of the existence of an element essential to his case and on which he will bear the burden

2

at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*) (*per curiam*). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex*, 477 U.S. at 322–23; *Curtis*, 710 F.3d at 594.

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The Court may make no credibility determinations or weigh any evidence, and must disregard all evidence favorable to the moving party that the jury is not required to believe. *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) (citing *Reaves Brokerage Co.*, 336 F.3d at 412–13). The Court is not required to accept the non-movant's conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence.

3

*Id.* (citing *Reaves Brokerage*, 336 F.3d at 413); *Little*, 37 F.3d at 1075. Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence. *See* FED. R. CIV. P. 56(c)(4); *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 776 (5th Cir. 2000).

"When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Id.* (internal citations and quotations omitted); *Williams v. Valenti*, 432 F. App'x 298, 302 (5th Cir. 2011).

### III.   ANALYSIS

The Court has subject matter jurisdiction over this action based on the diversity of citizenship of the parties. When jurisdiction in a case is based on diversity of citizenship, the Court is bound to apply the substantive law of the forum state and follow federal procedural rules. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Hall v. G.E. Plastic Pac. PTE Ltd.*, 327 F.3d 391, 395 (5th Cir. 2003). Here, the parties agree that Texas state law governs Plaintiff's substantive causes of action. Plaintiff now moves for partial summary judgment that Defendant was liable under Texas tort law for his injuries as well as summary

4

judgment that Plaintiff himself did not contribute to his injuries.  The Court denies both Motions because genuine issues of material fact remain on these questions.

### A. The Negligence Motion

"The elements of a negligence cause of action are the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach." *Rodriguez–Escobar v. Goss*, 392 S.W.3d 109, 113 (Tex. 2013) (quoting *IHS Cedars Treatment Ctr. of De Soto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004)).  The Negligence Motion seeks summary judgment only on the existence of a legal duty and breach of that duty.  *See* Negligence Motion [Doc. # 40], at 2–3.

Neither party meaningfully discusses the legal issue of the existence of a duty owed by Defendant to Plaintiff.  For the purposes of summary judgment, the Court assumes without deciding that there is a legal duty.

The only theory of breach of a duty owed to de la Cruz advanced in the Negligence Motion is that Williams violated Home Depot's internal safety policies.  "Negligence means the failure to use ordinary care, that is, failing to do that which a reasonable person or provider of the defendant's type would have done under the same or similar circumstances." *Ewing Constr. Co. v. Amerisure Ins. Co.*, 420 S.W.3d 30, 37 (Tex. 2014).  A company's internal policies are not evidence of what a reasonable person would do.  *See, e.g.*, *FFE Transp. Servs., Inc. v. Fulgham*, 154 S.W.3d 84, 92 (Tex. 2003) ("[A] company's internal policies

5

alone do not determine the governing standard of care." (citation and quotation omitted)). Therefore, Plaintiff has not established the applicable standard of care as a matter of law and, consequently, cannot show the absence of genuine issues of material fact regarding whether Defendant breached a legal duty to Plaintiff.

### B. The Contributory Negligence Motion

Genuine issues of material fact also preclude granting the Contributory Negligence Motion.[1] Under Texas law, a plaintiff may be found to have negligently contributed to his own injury, a finding that may have the effect of reducing his recovery. A plaintiff's negligence is determined by the same elements as a defendant's negligence. *See Kroger Co. Keng*, 23 S.W.3d 347, 351 (Tex. 2000). Plaintiff moves for summary judgment on the ground that there is no evidence that he failed to exercise reasonable care or that he caused his injuries.

Defendant argues that fact issues remain regarding whether Plaintiff's conduct contributed to his injuries. Neither Plaintiff nor Defendant offer direct evidence of what caused the doors to fall. "A finding of cause in fact cannot be supported by 'mere conjecture, guess, or speculation,' but may be based on either

---

[1] Although Plaintiff refers to "contributory negligence," Texas does not follow the true contributory negligence rule, under which any negligence by a plaintiff will eliminate recovery. *See Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 772 (Tex. 2010). Instead, Texas is a comparative negligence jurisdiction in which "a claimant may not recover damages if his percentage of responsibility is greater than 50 percent." TEX. CIV. PRAC. & REM. CODE § 33.001.

direct or circumstantial evidence." *Excel Corp. v. Apodaca*, 81 S.W.3d 817, 820 (Tex. 2002). Here, the summary judgment record contains no direct evidence on causation of the accident. Defendant argues that circumstantial evidence reveals a possibility that Plaintiff caused his own injuries. According to Defendant, the combination of how the doors were stacked, Plaintiff's position relative to the doors, and the direction in which the doors fell supports an inference that Plaintiff came into contact with the doors and thereby caused them to fall on him. *See* Contributory Negligence Response [Doc. # 45], at 4. Plaintiff responds that Williams was in closer proximity to the doors than Plaintiff was. Plaintiff further argues that based on Williams' position relative to the doors, contact by him better explains how and why the door fell on Plaintiff. *See* Contributory Negligence Reply [Doc. # 47], at 2. Plaintiff has also argued that Williams was negligent in how he unpacked the doors and leaned them against the wall. *See, e.g.*, Negligence Motion [Doc. # 40], at 8–12.

This issue of whether Plaintiff's conduct was a factual cause of his injuries is not susceptible of resolution on summary judgment. On a motion for summary judgment, the Court must draw all reasonable inferences in favor of the non-moving party, here Home Depot.[2] The parties both rely on inferences from

---

[2] Plaintiff objects to an affidavit by Williams, executed subsequent to Williams' deposition and submitted with Home Depot's Responses. Exh. B to Contributory
(continued…)

7

circumstantial evidence. Indeed, the summary judgment record does not explain the dimensions and layout of the aisle in which the incident took place nor the exact positions of Plaintiff and Williams relative to the doors. The question of what theory is the more likely explanation of the accident is reserved to the factfinder. The issues raised by the Contributory Negligence Motion therefore require development through live testimony at trial.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court concludes that genuine issues of material fact remain regarding both Plaintiff's allegations of negligence and Defendant's affirmative defense of contributory negligence. It is therefore

**ORDERED** that Plaintiff Cesar de la Cruz's Motion for Partial Summary Judgment on Negligence [Doc. # 40] is **DENIED**. It is further

**ORDERED** that Plaintiff Cesar de la Cruz's Motion for Partial Summary Judgment on Defendant Home Depot U.S.A., Inc.'s Affirmative Defense of Contributory Negligence [Doc. # 43] is **DENIED**.

---

(continued…)
Negligence Response, Declaration of Rommell Williams [Doc. # 45-2]. The objection is sustained because a party "may not manufacture a genuine issue of material fact by submitting an affidavit that impeaches prior testimony without explanation." *Doe ex rel. Doe v. Dallas Indep. Sch. Dist.*, 220 F.3d 380, 386 (5th Cir. 2000). Even without consideration of Williams' affidavit, however, there are genuine issues of material fact that preclude summary judgment.

SIGNED at Houston, Texas, this 19th day of **May, 2016**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE